**Scott STORICK, Plaintiff–Appellant,**

v.

**CFG, LLC, a foreign limited liability corporation, Defendant–Appellee.**

No. 12–12793

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 31, 2013.

Roger Alan Slade, Olesia Y. Belchenko, Maria Soledad Bodero, Boyd & Jenerette, P.A., Miami, FL, for Plaintiff–Appellant.

Robert E. Battle, Adam Patterson Plant, Battle & Winn, LLP, Birmingham, AL, Catherine Chesney Grieve, Rivero Mestre LLP, Coral Gables, FL, for Defendant–Appellee.

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Scott Storick appeals the district court's order granting CFG, LLC's (CFG) Motion to Dismiss his amended complaint brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. The district court declined to exercise jurisdiction over Storick's declaratory judgment action due to a parallel garnishment proceeding in the Superior Court of the State of Delaware. On appeal, Storick contends the dismissal of his case was improper.[1]

We review the district court's dismissal of a declaratory judgment action for an abuse of discretion. *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1330 (11th Cir.2005). "[W]e will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id.*

A district court has discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 2140, 132 L.Ed.2d 214

1. Because we affirm the district court's dismissal of Storick's amended complaint, we need not consider his argument regarding the *Rooker–Feldman* doctrine.

(1995). In fact, the Supreme Court has stated "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942). This Court has provided nine non-exhaustive factors to guide district courts in determining "whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." *Ameritas*, 411 F.3d at 1331 (quotations omitted).

Storick cannot establish an abuse of discretion by the district court. The district court thoughtfully applied the guideposts set forth in *Ameritas* and concluded the overall balance of the factors solidly supported abstention. We agree with the district court's conclusion, and affirm for the reasons stated in the district court's well-reasoned order. We note that although Storick accuses CFG of "procedural fencing" by obtaining a confession of judgment in Delaware, Storick expressly agreed to allow CFG to confess judgment in Delaware for a long-standing debt he admits he owes.

**AFFIRMED.**[2]

---

**2.** We deny Storick's "Motion to Supplement Record on Appeal," construed as a motion to take judicial notice of the June 12, 2012, orders filed in the Superior Court of the State of Delaware.